AMOS LADD *vs.* JOSEPH E. CALLAHAN.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued February 7th—decided March 5th, 1935.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*Joseph F. Berry,* with whom was *Harris S. Cramer,* for the appellee (plaintiff).

PER CURIAM. The plaintiff suffered personal injuries as the result of being struck by an automobile driven by the defendant. Liability was admitted and the sole question for the jury to determine was the amount of damages which the plaintiff was entitled to recover. The medical experts called as witnesses by both parties were in agreement that the plaintiff suffered, among other injuries, one to his head. The testimony offered by the plaintiff was to the effect that from the date of the accident to the time of the trial

the plaintiff had suffered from headaches, insomnia and dizziness, caused by his injuries suffered in the accident; while that offered by the defendant was to the effect that from a time two or three months previous to the trial these injuries had ceased to be a substantial factor in causing the plaintiff suffering or incapacity, but that his condition was due to faulty metabolism and bad teeth. The sole ground of appeal is that the trial court in its charge did not sufficiently instruct the jury that they could only award damages to the plaintiff for such suffering and incapacity as they found to have resulted from the injuries suffered in the accident. It is true that the court did not specifically give an instruction to this effect. It did, however, charge the jury that they were to award the plaintiff damages for the pain and discomfort which he had suffered "as a result" of his injuries. And it further instructed them that the difficulty of the case grew out of the disagreement as to when, if at all, in the words of the defendant's attorney, "The brain injury wore off;" it then stated the claims of the parties; and after some comment upon the testimony of the doctors, it ended its charge, except as to certain formal matters, as follows: "One set of doctors think it [the injury to the head] was pretty substantial at the beginning and that it does now exist, and the other set that it was slight at the beginning, and, if existing now, it is a slight cause of this gentleman's present difficulty." The tenor of the whole charge is such that the jury could not have failed to understand that they could not award damages for suffering and incapacity on the part of the plaintiff except in so far as they found that such suffering and incapacity resulted from injury received at the time of the accident.

There is no error.